IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY STUART                                                                                    PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:09cv54-FKB

WEXFORD HEALTH SOURCES, INC.
and GLORIA PERRY, M.D.                                                                      DEFENDANTS

OPINION AND ORDER

Timothy Stuart is a state prisoner incarcerated at Central Mississippi Correctional Facility (CMCF). Stuart brought this action pursuant to 42 U.S.C. § 1983 alleging that CMCF medical personnel failed to provide him adequate medical care. Presently before the Court are motions for summary judgment filed by Stuart [79], Defendant Gloria Perry, M.D. [75], and Defendant Wexford Health Sources [82]. Having considered the motions and the competent summary judgment evidence, the Court concludes that Stuart's motion should be denied and that Defendants' motions should be granted.

Stuart alleges that Defendants violated his Eighth Amendment rights by delaying medical treatment for a brain aneurysm and that as a result of the delay, he sustained permanent brain damage. The medical records submitted by Defendants in support of their motions indicate that on August 25, 2007, Stuart requested medical attention for a three-day history of headaches, nausea, and vomiting. A nurse practitioner at CMCF ordered blood work and requested an offsite referral for a CT scan. Stuart was admitted to the prison infirmary pending approval of the request. His condition worsened, and on August 30, 2007, Stuart was transferred to the University of Mississippi Medical Center (UMMC). A CT scan revealed a ruptured aneurysm and subarachnoid hemorrhage, and

he underwent surgical repair of the aneurysm. He remained hospitalized for approximately two weeks. Stuart apparently suffered neurological deficits as a result of the aneurysm, although the precise nature and extent of these is unclear.

Stuart's sworn statements and his testimony at the omnibus hearing do not directly contradict the medical records. However, he claims that his symptoms began several weeks earlier than reflected by the documentary evidence. He states that during this period, he submitted numerous sick call requests but that these were rejected because they contained multiple complaints.

Defendant Perry is the chief medical officer for MDOC. In support of her motion, Perry argues that Stuart has failed to establish any basis for holding her liable under § 1983. The Court agrees. It is undisputed that Perry was not even employed by the Mississippi Department of Corrections during the time of the relevant medical events and played no part in them. Her only involvement was her review and denial of Stuart's third-step request for administrative relief. The denial of administrative relief by a prison official fails to implicate any constitutional interest. Furthermore, a prisoner has no constitutional right in having a grievance resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Defendant Wexford provides health care services for inmates at CMCF pursuant to a contract with the Mississippi Department of Corrections (MDOC). Stuart is apparently attempting to impose liability on Wexford based solely on the actions or inactions of its employees. This attempt cannot succeed, as there is no *respondeat superior* liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a

2

plaintiff seeking to recover under § 1983 must allege and prove that the defendant directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). In the context of a claim alleging denial of medical treatment, a plaintiff must establish that the defendant was deliberately indifferent to a serious risk of harm. Deliberate indifference, in turn, is established by showing that the defendant knew that the inmate faced a substantial risk of serious harm and that the defendant nevertheless disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The plaintiff must establish *subjective* knowledge on the part of the defendant, *i.e.*, that the defendant was aware of facts from which an inference of a substantial risk of serious harm could be drawn and that the defendant actually drew the inference. *Hernandez v. Valasquez*, 522 F.3d 556, 561 (5th Cir. 2008). Because Stuart has no evidence of deliberate indifference on the part of Wexford, his claim cannot survive Wexford's motion.

Additionally, Wexford is entitled to summary judgment based upon Stuart's failure to come forward with any expert medical opinion establishing causation, *i.e.*, that he was injured as a result of any delay in treatment. *See Campbell v. McMillin*, 83 F.Supp.2d 761, 766 (S.D. Miss. 2000) (in § 1983 case alleging injuries from delay in medical treatment, expert testimony establishing medical causation is necessary in all but simple and routine cases).

For these reasons, Plaintiff's motion for summary judgment is denied, and Defendants' motions for summary judgment are granted. A separate judgement will be

entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 17th day of September, 2012.

                                             /s/ F. Keith Ball
                                           UNITED STATES MAGISTRATE JUDGE